[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-11952
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 24, 2012
JOHN LEY
CLERK

D.C. Docket No. 2:10-cr-00042-WCO-SSC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FERMAN DUARTE-HERRERA

Defendant-Appellant.

_____

No. 11-12090
Non-argument Calendar
_____

D.C. Docket No. 2:11-cr-00005-WCO-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FERMAN DUARTE-HERRERA

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Northern District of Georgia
_____

(February 24, 2012)

Before TJOFLAT, EDMONDSON and KRAVITCH, Circuit Judges.

PER CURIUM:

Ferman Duarte-Herrera appeals his 42-month sentence imposed following his conviction for illegal reentry, in violation of 8 U.S.C. § 1326(a), and the revocation of his supervised release under 18 U.S.C. § 3583(e)(3). He argues that his total sentence is substantively unreasonable, in part, because it does not

account for his difficult childhood and motives for reentering this country. We affirm.

In 2008, Duarte-Herrera was convicted in Texas for illegally reentering the United States following a felony conviction, in violation of 8 U.S.C. § 1326(a), and sentenced to 24 months' imprisonment, followed by 3 years' supervised release, and deportation. Conditions of supervised release prohibited him from (i) committing another federal, state, or local crime; and (ii) reentering the country illegally following deportation.

In August 2010, Georgia law enforcement officials arrested Duarte-Herrera for several state offenses. He was ultimately convicted and sentenced on these charges, after which he was indicted in the Northern District of Georgia for illegally reentering the country. In the meantime, probation officials in Texas sought to revoke Duarte-Herrera's supervised release based on the new state and federal law violations. Because he was detained in Georgia, the Texas district court transferred jurisdiction over the revocation case to the Northern District of Georgia, which consolidated the two cases for sentencing.

At sentencing, after listening to the parties' arguments, the district court sentenced Duarte-Herrera to 5 months' imprisonment for the revocation and 37

3

months' imprisonment for the illegal reentry, with the sentences to run consecutively. The court stated that it was trying to relate to the severity of the crimes and that the two sentences were in the proper range. The court further stated that it had "cut way back on what normally would be the revocation sentence" and run the sentences consecutively to "serve[s] in the totality" and fit within the range. Duarte-Herrera now appeals both sentences, which we have since consolidated.

We review an initial sentence imposed by the district court for reasonableness, and evaluate the substantive reasonableness of a sentence under the deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 46 (2007); *United States v. Talley*, 431 F.3d 784, 785 (11th Cir. 2005); *United States v. Sweeting*, 437 F.3d 1105, 1106 (11th Cir. 2006) (reviewing sentence imposed upon revocation of supervised release for reasonableness).

When reviewing an initial sentence, we must first determine that the "district court committed no significant procedural error."[1] *Gall*, 552 U.S. at 51. If the district court's decision is procedurally reasonable, our analysis then turns to

---

[1] To the extent that Duarte-Herrera argues that the district court erred in calculating his guideline range because his 15-year-old drug conviction should not have received a 12-level enhancement under U.S.S.G. § 2L1.2(b)(1)(B), this argument is without merit. *United States v. Adeleke*, 968 F.2d 1159, 1160 (11th Cir. 1992).

the substantive reasonableness of the sentence. *Id.* We review the totality of the

facts and circumstances to gauge for substantive error. *United States v. Irey,* 612

F.3d 1160, 1189–90 (11th Cir. 2010) (*en banc*). "[T]he party who challenges the

sentence bears the burden of establishing that the sentence is unreasonable in the

light of both [the] record and the factors in section 3553(a)."[2] *Talley*, 431 F.3d at

788. The relevant inquiry is "whether the sentence imposed by the district court

fails to achieve the purposes of sentencing as stated in section 3553(a)." *Id.* The

district court is not required to "state on the record that it has explicitly considered

each of the § 3553(a) factors or discuss each of the § 3553(a) factors." *United*

*States v. Scott*, 426 F.3d 1324, 1329 (11th Cir. 2005). An acknowledgment that

the court considered the defendant's arguments and the § 3553 factors is adequate.

*Talley*, 431 F.3d at 786.

We may vacate a sentence only "if we are left with the definite and firm

conviction that the district court committed a clear error of judgment in weighing

the § 3553(a) factors by arriving at a sentence that lies outside the range of

---

[2] The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims. *Talley*,431 F.3d at 786 (summarizing 18 U.S.C. § 3553(a)).

reasonable sentences dictated by the facts of the case." *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008). "A district court abuses its discretion when it . . . gives significant weight to an improper or inappropriate factor . . .." *Irey*, 612 F.3d at 1189. Although we do not automatically presume a sentence within the guideline range to be reasonable, we ordinarily expect such a sentence to be reasonable. *United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008). Moreover, a sentence imposed well below the statutory maximum is an indicator of a reasonable sentence. *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008).

Section 1326 in Title 8 of the U.S. Code applies to aliens who were excluded, removed, or deported, and then reentered the United States without first obtaining permission from the Attorney General. 8 U.S.C. § 1326(a). The statutory maximum punishment for a § 1326 offense is 20 years' imprisonment if the deportation was subsequent to a conviction for an "aggravated felony." 8 U.S.C. § 1326(b)(2). We have considered a felony conviction for possession of drugs with the intent to distribute to be an aggravated felony under this section. *United States v. Madera-Madera*, 333 F.3d 1228, 1229-30 (11th Cir. 2003).

Duarte-Herrera's revocation is governed by 18 U.S.C. § 3583, which provides that a district court may impose a term of supervised release in addition

6

to a term of imprisonment. This section also provides that, upon revocation of supervised release due to a violation of the release terms, the court can require the defendant to serve all or part of the remaining term in prison, without credit for time already served on release. 18 U.S.C. § 3583(e)(3). The length of the term of imprisonment and the maximum period that a defendant can be required to serve depends on the classification of the underlying felony conviction according to the statutory maximum sentence. *Id.* Because the maximum sentence under § 1326(b) is 20 years' imprisonment, illegal reentry after deportation following a felony conviction is considered a Class C felony under 18 U.S.C. § 3559(a)(3). Therefore, Duarte-Herrera faced a maximum of two years for the revocation of his supervised release. 18 U.S.C. § 3583(e)(3).

Here, we conclude that both of Duarte-Herrera's sentences, and the total 42-month sentence, are substantively reasonable. Regarding the five-month sentence imposed for the revocation, the sentence was at the low end of the guideline range and well below the two-year statutory maximum, both of which support a finding of reasonableness. Although the court did not explicitly state that it considered the § 3553(a) factors, it noted that the sentence "fit within the range" and "serve[d] in the totality."

Regarding the 37-month sentence imposed in the illegal reentry case, the district court explicitly stated that it had considered the § 3553(a) sentencing factors, and it reaffirmed that statement in the judgment. The court was not required to separately address each § 3553(a) factor, and in its comments during the sentencing hearing, the court appeared to account for the seriousness of the offense, Duarte-Herrera's history of illegally entering this country, deterrence, and the need to maintain some parity with the 2008 sentence for the same offense. The 37-month sentence imposed was also at the lowest end of the guideline range, and far below the 20-year statutory maximum.

Furthermore, when questioned by the government, the court confirmed that it had considered the parties' arguments and the § 3553(a) factors in fashioning the sentence. These statements are sufficient to show that the court considered the § 3553(a) factors, which would have included consideration of Duarte-Herrera's arguments regarding his motive for reentering the country, background, family situation, and home-country conditions. Because Duarte-Herrera has not shown that his sentences are unreasonable, we affirm.

**AFFIRMED.**